KATHERINE A. ALBERTS, ESQ. (SBN: 212825)
AMBER L. SMITH, ESQ. (SBN: 281002)
JOHN LAUGHLIN, ESQ. (SBN: 302481)
**LEONE ALBERTS & DUUS**
A Professional Corporation
1390 Willow Pass Road, Suite 700
Concord, CA 94520-7913
Telephone:  (925) 974-8600
Facsimile:  (925) 974-8601
Email: kalberts@leonealberts.com
       asmith@leonealberts.com
       jlaughlin@leonealberts.com

Attorneys for Defendants
CITY OF MORGAN HILL and MORGAN HILL PROPERTY AND BUSINESS IMPROVEMENT DISTRICT (sued as DOWNTOWN MORGAN HILL IMPROVEMENT DISTRICT)

THE UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS PERRY,<br><br>              Plaintiff,<br><br>     v.<br><br>CITY OF MORGAN HILL, CALIFORNIA FARMERS' MARKETS ASSOCIATION, MOHI FARMS, INC., DOWNTOWN MORGAN HILL IMPROVEMENT DISTRICT, and DOES 1 to 10,<br><br>              Defendants. | **Case No.: 3:25-cv-08426-SK**<br><br>**DEFENDANT MORGAN HILL PROPERTY AND BUSINESS IMPROVEMENT DISTRICT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>1st Amended Complaint filed: July 31, 2025<br>Trial date: Not yet set |

COMES NOW Defendant MORGAN HILL PROPERTY AND BUSINESS IMPROVEMENT DISTRICT (sued as DOWNTOWN MORGAN HILL IMPROVEMENT DISTRICT), and for its answer to the unverified First Amended Complaint of Plaintiff DENNIS PERRY ("Plaintiff"), on file herein. Except as expressly admitted, Defendant denies each and every allegation set forth in Plaintiff's First Amended Complaint. Defendant specifically denies it violated Plaintiff's civil, common law and/or statutory rights under state and/or federal law.

## DEFENDANT'S ANSWER TO PLAINTIFF'S ALLEGATIONS REGARDING INTRODUCTION

1.  Answering Paragraph 1 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 1, and therefore, denies each and every allegation therein.

2.  Answering Paragraph 2 of the First Amended Complaint, Defendant denies that it blocked handicapped parking spaces. Defendant further denies that it denied Plaintiff equal access to events. Defendant lacks sufficient information and belief to either admit or deny each and every remaining allegation in Paragraph 2, and therefore, denies each and every remaining allegation therein.

3.  Answering Paragraph 3 of the First Amended Complaint, Defendant denies it has engaged in discriminatory treatment of Plaintiff. Defendant lacks sufficient information and belief to either admit or deny each and every remaining allegation in Paragraph 3, and therefore, denies each and every remaining allegation therein.

## DEFENDANT'S ANSWER TO PLAINTIFF'S ALLEGATIONS REGARDING PARTIES

4.  Answering Paragraph 4 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 4, and therefore, deny each and every remaining allegation therein.

5.  Answering Paragraph 5 of the First Amended Complaint, Defendant admits that City of Morgan Hill is a city in Santa Clara County. Defendant lacks sufficient information and belief to either admit or deny each and every remaining allegation in Paragraph 5, and therefore, deny each and every remaining allegation therein.

6.  Answering Paragraph 6 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 6, and therefore, deny each and every remaining allegation therein.

7.  Answering Paragraph 7 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 7, and therefore, deny each and every remaining allegation therein.

8. Answering Paragraph 8 of the First Amended Complaint, Defendant admits its address is 17575 Peak Avenue, Morgan Hill, CA 95037. Defendant denies each and every remaining allegation contained therein.

9. Answering Paragraph 9 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every remaining allegation in Paragraph 9, and therefore, denies each and every remaining allegation therein.

**DEFENDANT'S ANSWER TO PLAINTIFF'S ALLEGATIONS REGARDING JURISDICTION**

10. Answering Paragraph 10 of the First Amended Complaint, Defendants admits that it conducts substantial business in County of Santa Clara. Defendant lacks sufficient information and belief to either admit or deny each and every remaining allegation in Paragraph 10, and therefore, denies each and every remaining allegation therein.

11. Answering Paragraph 11 of the First Amended Complaint, Defendants admits that it conducts substantial business in County of Santa Clara. Defendant lacks sufficient information and belief to either admit or deny each and every remaining allegation in Paragraph 11, and therefore, denies each and every remaining allegation therein.

12. Answering Paragraph 12 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 12, and therefore, denies each and every remaining allegation therein.

**DEFENDANT'S ANSWER TO PLAINTIFF'S ALLEGATIONS REGARDING FACTUAL ALLEGATIONS**

13. Answering Paragraph 13 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 13, and therefore, denies each and every remaining allegation therein.

14. Answering Paragraph 14 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 14, and therefore, denies each and every remaining allegation therein.

15. Answering Paragraph 15 of the First Amended Complaint, Defendant lacks

3

sufficient information and belief to either admit or deny each and every allegation in Paragraph 15, and therefore, denies each and every remaining allegation therein.

16. Answering Paragraph 16 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 16, and therefore, deny each and every remaining allegation therein..

17. Answering Paragraph 17 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 17, and therefore, denies each and every remaining allegation therein.

18. Answering Paragraph 18 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 18, and therefore, denies each and every remaining allegation therein.

19. Answering Paragraph 19 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 19, and therefore, denies each and every remaining allegation therein.

20. Answering Paragraph 20 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 20, and therefore, denies each and every remaining allegation therein.

21. Answering Paragraph 21 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 21, and therefore, denies each and every remaining allegation therein.

22. Answering Paragraph 22 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 22, and therefore, denies each and every remaining allegation therein.

23. Answering Paragraph 23 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 23, and therefore, denies each and every remaining allegation therein.

24. Answering Paragraph 24 of the First Amended Complaint, Defendant denies each and every remaining allegation therein.

25. Answering Paragraph 25 of the First Amended Complaint, each and every allegation contained therein is a legal conclusion that does not require a response; however, to the extent a response is required, Defendant denies each and every allegation contained in Paragraph 25.

26. Answering Paragraph 26 of the First Amended Complaint, Defendant denies each and every remaining allegation therein.

27. Answering Paragraph 27 of the First Amended Complaint, Defendant denies each and every remaining allegation therein.

28. Answering Paragraph 28 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 28, and therefore, denies each and every remaining allegation therein.

29. Answering Paragraph 29 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 29, and therefore, denies each and every remaining allegation therein.

30. Answering Paragraph 30 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 30, and therefore, denies each and every remaining allegation therein.

31. Answering Paragraph 31 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 31, and therefore, denies each and every remaining allegation therein.

32. Answering Paragraph 32 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 32, and therefore, denies each and every remaining allegation therein.

33. Answering Paragraph 33 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 33, and therefore, denies each and every remaining allegation therein.

34. Answering Paragraph 34 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph

34, and therefore, denies each and every remaining allegation therein.

35. Answering Paragraph 35 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 35, and therefore, denies each and every remaining allegation therein.

36. Answering Paragraph 36 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 36, and therefore, denies each and every remaining allegation therein.

37. Answering Paragraph 37 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 37, and therefore, denies each and every remaining allegation therein.

38. Answering Paragraph 38 of the First Amended Complaint, each and every allegation contained therein is a legal conclusion that does not require a response; however, to the extent a response is required, Defendant denies each and every allegation contained in Paragraph 38.

39. Answering Paragraph 39 of the First Amended Complaint, Defendant denies each and every allegation contained in Paragraph 39.

40. Answering Paragraph 40 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 40, and therefore, denies each and every remaining allegation therein.

**PLAINTIFF'S FIRST CAUSE OF ACTION**

**Violation of Title II of the Americans with Disabilities Act 42 U.S.C. § 12101, et seq. (Against Defendant CITY OF MORGAN HILL)**

41. This cause of action is not raised against answering Defendant.
42. This cause of action is not raised against answering Defendant.
43. This cause of action is not raised against answering Defendant.
44. This cause of action is not raised against answering Defendant.
45. This cause of action is not raised against answering Defendant.
46. This cause of action is not raised against answering Defendant.

47. This cause of action is not raised against answering Defendant.

48. This cause of action is not raised against answering Defendant.

49. This cause of action is not raised against answering Defendant.

50. This cause of action is not raised against answering Defendant.

51. This cause of action is not raised against answering Defendant.

**DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND CAUSE OF ACTION**

**Violation of Title II of the Americans with Disabilities Act 42 U.S.C. § 12101, et seq. (Against Defendants MARKET, DMHID, MOHI and Does 1-10)**

52. Answering Paragraph 52 of the First Amended Complaint, Defendant hereby incorporates its answers to Paragraphs 1 through 51 as though fully stated herein.

53. Answering Paragraph 53 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 40, and therefore, denies each and every remaining allegation therein.

54. Answering Paragraph 54 of the First Amended Complaint, each and every allegation contained therein is a legal conclusion that does not require a response; however, to the extent a response is required, Defendant denies each and every allegation contained in Paragraph 54.

55. Answering Paragraph 55 of the First Amended Complaint, each and every allegation contained therein is a legal conclusion that does not require a response; however, to the extent a response is required, Defendant denies each and every allegation contained in Paragraph 55.

56. Answering Paragraph 56 of the First Amended Complaint, each and every allegation contained therein is a legal conclusion that does not require a response; however, to the extent a response is required, Defendant denies each and every allegation contained in Paragraph 56.

57. Answering Paragraph 57 of the First Amended Complaint, Defendant denies each and every allegation contained in Paragraph 57 as it relates to the answering Defendant.

58. Answering Paragraph 58 of the First Amended Complaint, each and every

allegation contained therein is a legal conclusion that does not require a response; however, to the extent a response is required, Defendant denies each and every allegation contained in Paragraph 58.

59. Answering Paragraph 59 of the First Amended Complaint, Defendant denies each and every allegation contained in Paragraph 59 as it relates to the answering Defendant.

60. Answering Paragraph 60 of the First Amended Complaint, each and every allegation contained therein is a legal conclusion that does not require a response; however, to the extent a response is required, Defendant denies each and every allegation contained in Paragraph 60.

61. Answering Paragraph 61 of the First Amended Complaint, Defendant denies each and every allegation contained in Paragraph 61 as it relates to the answering Defendant.

62. Answering Paragraph 62 of the First Amended Complaint, each and every allegation contained therein is a legal conclusion that does not require a response; however, to the extent a response is required, Defendant denies each and every allegation contained in Paragraph 62.

63. Answering Paragraph 63 of the First Amended Complaint, Defendant denies each and every allegation contained in Paragraph 63 as it relates to the answering Defendant.

64. Answering Paragraph 64 of the First Amended Complaint, Defendant denies each and every allegation contained in Paragraph 64 as it relates to the answering Defendant.

**PLAINTIFF'S THIRD CAUSE OF ACTION**

**Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Against Defendant CITY OF MORGAN HILL and Does 1-10)**

65. This cause of action is not raised against answering Defendant.

66. This cause of action is not raised against answering Defendant.

67. This cause of action is not raised against answering Defendant.

68. This cause of action is not raised against answering Defendant.

69. This cause of action is not raised against answering Defendant.

70. This cause of action is not raised against answering Defendant.

71. This cause of action is not raised against answering Defendant.

72. This cause of action is not raised against answering Defendant.

**DEFENDANT'S ANSWER TO PLAINTIFF'S FOURTH CAUSE OF ACTION**

**Violation of California Unruh Civil Rights Act, Cal. Civ. Code § 51 & 52 (Against Defendants CITY, MARKET, DMHID, MOHI and Does 1-10)**

73. Answering Paragraph 73 of the First Amended Complaint, Defendant hereby incorporates its answers to Paragraphs 1 through 72 as though fully stated herein.

74. Answering Paragraph 74 of the First Amended Complaint, each and every allegation contained therein is a legal conclusion that does not require a response; however, to the extent a response is required, Defendant denies each and every allegation contained in Paragraph 74.

75. Answering Paragraph 75 of the First Amended Complaint, Defendant denies each and every allegation contained in Paragraph 75 as it relates to the answering Defendant.

76. Answering Paragraph 76 of the First Amended Complaint, Defendant denies each and every allegation contained in Paragraph 76 as it relates to the answering Defendant.

77. Answering Paragraph 77 of the First Amended Complaint, Defendant denies each and every allegation contained in Paragraph 77 as it relates to the answering Defendant.

**PLAINTIFF'S FIFTH CAUSE OF ACTION**

**Violation of California Government Code § 11135 (Against CITY and Does 1-10)**

78. This cause of action is not raised against answering Defendant.

79. This cause of action is not raised against answering Defendant.

**DEFENDANT'S ANSWER TO PLAINTIFF'S SIXTH CAUSE OF ACTION**

**Negligence (Against Defendants CITY, MARKET, DMHID, MOHI and Does 1-10)**

80. Answering Paragraph 80 of the First Amended Complaint, Defendant hereby incorporates its answers to Paragraphs 1 through 79 as though fully stated herein.

81. Answering Paragraph 81 of the First Amended Complaint, each and every allegation contained therein is a legal conclusion that does not require a response; however, to the

///

1  extent a response is required, Defendant denies each and every allegation contained in Paragraph 81.

2. Answering Paragraph 82 of the First Amended Complaint, Defendant denies each and every allegation contained in Paragraph 82 as it relates to the answering Defendant.

**DEFENDANT'S ANSWER TO PLAINTIFF'S SEVENTH CAUSE OF ACTION**

**Violation of the Disabled Persons Act, Cal. Civ. Code § (Against Defendants CITY, MARKET, DMHID, MOHI and Does 1-10)**

83. Answering Paragraph 83 of the First Amended Complaint, Defendant hereby incorporates its answers to Paragraphs 1 through 82 as though fully stated herein.

84. Answering Paragraph 84 of the First Amended Complaint, each and every allegation contained therein is a legal conclusion that does not require a response; however, to the extent a response is required, Defendant denies each and every allegation contained in Paragraph 84.

85. Answering Paragraph 85 of the First Amended Complaint, Defendant lacks sufficient information and belief to either admit or deny each and every allegation in Paragraph 85, and therefore, denies each and every remaining allegation therein.

86. Answering Paragraph 86 of the First Amended Complaint, each and every allegation contained therein is a legal conclusion that does not require a response; however, to the extent a response is required, Defendant denies each and every allegation contained in Paragraph 86.

87. Answering Paragraph 87 of the First Amended Complaint, Defendant denies each and every allegation contained in Paragraph 87 as it relates to the answering Defendant.

88. Answering Paragraph 88 of the First Amended Complaint, Defendant denies each and every allegation contained in Paragraph 88 as it relates to the answering Defendant.

**DEFENDANT'S ANSWER TO PLAINTIFF'S PRAYER**

Defendant denies all allegations in Plaintiff's Prayer for Relief. Defendant denies that Plaintiff is entitled to any requested relief and further denies that Plaintiff has been damaged in

///

any sum or sums and/or that he is entitled to any award or recovery at all against this answering Defendant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State Claim)

1.  Defendant alleges and avers that Plaintiff's First Amended Complaint fails to state facts sufficient to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2.  Defendant alleges and avers that Plaintiff's First Amended Complaint is barred by all applicable statutes of limitations including, but not limited to, Cal. Gov't Code § 945.6 and Cal. Code Civ. Proc. §§ 335, et seq.

### THIRD AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

3.  Defendant alleges and avers that Plaintiff's First Amended Complaint is barred by the doctrines of waiver and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

(Laches)

4.  Defendant alleges and avers that Plaintiff's First Amended Complaint is barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

(Comparative Negligence/Culpable Conduct of Others)

5.  Defendant alleges and avers that the injuries and damages sustained by Plaintiff, if any, were caused in whole or in part by the negligence and/or culpable conduct of others than Defendant, for which Defendant is not liable, and/or for which Defendant's pro rata portion of liability (if any) would be reduced under the doctrine of comparative negligence.

///

///

### SIXTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

6. Defendant alleges and avers that Plaintiff's First Amended Complaint is barred in whole or in part by Plaintiff's failure to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE

(Res judicata/collateral estoppel)

7. Defendant alleges and avers Plaintiff's First Amended Complaint is barred under the doctrines of res judicata and/or collateral estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

(Governmental Immunities/Defenses)

8. Defendant alleges and avers that Plaintiff's First Amended Complaint is barred in whole or in part because all actions and conduct by Defendant and its agents or employees were justified and subject to governmental immunities and defenses, including but not limited to the immunities and defenses arising under the United States Constitution and federal law, immunities arising under the California Constitution and California law, immunities arising under Government Code sections 810, *et seq.* including, but not limited to, sections 815, 815.2, 818, 818.2, 818.8, 820.2, 820.4, 820.6, 820.8, 821.2, 821.6, 822.2, 830.6, 835.4, and 845.

### NINTH AFFIRMATIVE DEFENSE

(Failure to Comply with Claim Statute)

9. Defendant alleges and avers that Plaintiff's First Amended Complaint is barred by Plaintiff's failure to comply with the California Tort Claims Act, Government Code section 905, *et seq.*, claims presentation requirements in that Plaintiff failed to timely present a claim asserting all causes of action and/or all facts and legal bases for liability asserted in the Complaint, and/or failed to timely file suit following the denial of said claim. Moreover, all causes of action, facts and/or legal allegations asserted in the Complaint that were not asserted in any claim presented by Plaintiff are barred under the California Tort Claims Act.

///

///

**TENTH AFFIRMATIVE DEFENSE**

(Lack of Jurisdiction)

10. Defendant alleges and avers that Plaintiff's First Amended Complaint is barred based on a lack of jurisdiction, and Defendant expressly reserves the right to challenge jurisdiction herein.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Misjoinder of Parties)

11. Defendant alleges and avers that there is a defect or misjoinder of parties under Code of Civil Procedure section 430.10(d). Specifically, Plaintiff failed to join all parties necessary for final determination of this action.

**TWELFTH AFFIRMATIVE DEFENSE**

(Reasonable Conduct)

12. Defendant alleges and avers that its conduct and that of its officials, employees, and or agents were at all times reasonable and lawful under the circumstances, and/or Defendant's actions to protect against the risk, or the failure to act, was reasonable.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Lack of Notice)

13. Defendant alleges and avers that it did not have notice, actual or constructive, of the alleged condition.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Contribution and Indemnity)

14. Defendant alleges and avers that it may have separate causes of action against third parties of which it is presently unaware. Defendant, therefore, reserves the right to file a cross-complaint against third parties for causes of action, including, but not limited to, contribution and/or indemnity.

///

///

///

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Unrelated, Pre-existing, or Subsequent Conditions)

15. Defendant alleges and avers that the alleged damages were the result of unrelated, pre-existing, or subsequent conditions unrelated to defendant's conduct.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(No Underlying Violation or Violation of Law)

16. Defendant is informed and believes, and thereon alleges that the alleged underlying violation did not occur, or that the alleged act or practice did not violate the law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Defenses Reserved)

17. Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. City reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, this answering Defendant prays that Plaintiff take nothing by his First Amended Complaint and that this answering Defendant be dismissed with its costs of suit incurred herein and for such other and further relief as the Court deems fit and proper.

Dated: October 6, 2025                          **LEONE ALBERTS & DUUS, APC**

                                                s/ *Amber L. Smith*
                                                KATHERINE A. ALBERTS, ESQ.
                                                AMBER L. SMITH, ESQ.
                                                JOHN LAUGHLIN, ESQ.
                                                Attorney for Defendants
                                                CITY OF MORGAN HILL and MORGAN HILL PROPERTY AND BUSINESS IMPROVEMENT DISTRICT

# CERTIFICATE OF SERVICE
**Perry v. City of Morgan Hill, et al.**
United States District Court, Northern District
Case No.: 3:25-cv-08426-SK

I, the undersigned, declare that I am employed in the City of Concord, State of California. I am over the age of 18 years and not a party to the within cause; my business address is 1390 Willow Pass Road, Suite 700, Concord, California.

On October 6, 2025, I served the following documents:

**DEFENDANT MORGAN HILL PROPERTY AND BUSINESS IMPROVEMENT DISTRICT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

on the parties in said action, **via E-Mail** addressed as follows:

*Via U.S. Mail and E-mail*
**PLAINTIFF PRO PER**
Dennis Perry
2505 Fountain Oaks Drive
Morgan Hill, CA 95037
Tel: (669) 253-3047
Email: perry.eden@yahoo.com

**COUNSEL FOR MOHI FARMS, INC.**
John F. Domingue, Esq.
Jenelle Welling, Esq.
Rossi Domingue LLP
3201 Danville Blvd., Suite 172
Alamo, CA 94526
Tel: (408) 495-3900
Email: john@rdlaw.net; jenelle@rdlaw.net

**COUNSEL FOR CALIFORNIA FARMERS MARKETS ASSOCIATION**
Colin P. Calvert, Esq.
Fisher & Phillips, LLP
20250 Main Street, Suite 1000
Irvine, CA 92614
Tel: (949) 851-2424
Email: ccalvert@fisherphillips.com

**COUNSEL FOR CALIFORNIA FARMERS MARKETS ASSOCIATION**
Nima Majedi Zadeh, Esq.
Fisher & Phillips LLP
1 Montgomery Street, Suite 3400
San Francisco, CA 94104
Tel: (415) 490-9000
Email: mmajedizadeh@fisherphillips.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on October 6, 2025 at Concord, California.

KATHERINE ALEXANDER